IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Case No. 3:22CR00092
    Honorable Henry H. Hudson
    Sentencing: February 8, 2023

JEEL N. PATEL,                                                    Defendant.

### DEFENDANT'S POSITION ON SENTENCING AND MOTION FOR VARIANCE SENTENCE

**COMES NOW** the defendant, Jeel Patel, by counsel, Paul C. Galanides, and hereby files this Position on Sentencing and Motion for Variance Sentencing pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6Al.3 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and 18 U.S.C §3553(a). The Pre-Sentence Report ("PSR") contains guidelines which suggest a recommended sentencing range of 51-63 months, a statutory maximum of 20 years imprisonment, a fine of up to $250,000, three years of supervised release and a special assessment fee of $100. Due to his meager financial condition, Mr. Patel requests that he not be fined as part of his sentence.

Mr. Patel has received and reviewed the PSR. Mr. Patel does not object to the calculation of the sentencing guidelines. Yet, Mr. Patel is requesting this Honorable Court to impose a variance sentence of confinement 24 months, or about one-half that which the United States has requested. Such a sentence would be below the recommended sentencing guideline range of 51-63 months but is allowed by statute and Mr. Patel respectfully suggests that such a sentence would be sufficient to achieve the goals and objectives of 18 U.S.C §3553(a).

Case Summary

1

Mr. Patel was arrested June 30, 2020, having driven another participant in the conspiracy to make a home pickup of funds from a conspiracy victim in Union, S.C.  He was arrested on the scene by local authorities who charged him with no driver's license, larceny by fraud, and conspiracy.

Mr. Patel was indicted by the United States in this Court on June 22, 2022, for one count of Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. §§ 1341, 1343 and 1349 and he has been on bail awaiting trial and sentencing.  The state charges against him are still pending.  On September 15, 2022 Mr. Patel appeared before the Honorable Henry H. Hudson, United States District Court Judge, and pursuant to a plea agreement with the United States pled guilty to Count One of a Criminal Information, a felony carrying a sentence of not more than 20 years imprisonment, a $250,000.00 fine or not more than the greater of twice the gross gain or twice the gross loss; full restitution; not more than 3 years supervised release; and a $100.00 special assessment.

Application of 18 U.S.C. § 3553(a)

The statutory sentencing guideline range is not mandatory but the Court still must correctly calculate it and consider it at sentencing. See Gall v. United States, 552 U.S. 38, 49 (2007); Nelson v. United States, 555 U.S. 350, 352 (2009).  The guideline range is merely "one factor among several" when fashioning an appropriate sentence under 18 U.S.C. § 3553(a).  See Kimbrough v. United States, 552 U.S. 85, 90 (2007).  After listening to the parties' arguments as to the appropriate sentence, a sentencing judge must look to the other sentencing factors delineated in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by the parties. See Gall, 552 U.S. at 49.  The Court shall consider all the § 3553(a) factors to make an individualized assessment

of the proper punishment for Mr. Patel and impose a sentence which is sufficient and not greater than that sentence which would be necessary to accomplish the goals of sentencing. Kimbrough at 101.

The other factors courts must consider are: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(l); the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment, id. at § 3553(a)(2); the kinds of sentences available, id. at § 3553(a)(2); the need to avoid unwarranted disparity among defendants with similar records and conduct, id. at 3553(a)(6); and the need to provide restitution to any victims of the offense, id. at § 3553(a)(7).

Position on Sentence Argument

Given the nature and circumstances of Mr. Patel's offense and his history and characteristics, the sentencing guideline range is much greater than necessary to satisfy the purposes of 18 U.S.C §3553(a).

1. Nature and Circumstances of Mr. Patel Offense

Although Mr. Patel participated in a conspiracy to Commit Mail and Wire Fraud he clearly did not play a major role. His job was to pick up packages of money, either from the victims' homes or other locations where packages had been sent. Since that task carried the most risk, it is usually the case that those tasks are completed by those in the scheme who are the most expendable and at the bottom of the seniority ladder. Essentially, Mr. Patel was a paid laborer whose employment in the organization lasted about four months.

2. Mr. Patel's History and Characteristics

Mr. Patel is just 22 years old.  He was only 20 at the time of his offenses.  Mr. Patel was born and raised in Gujurat, India before immigrating to the United States.  His family has been in the country less than five years.  Mr. Patel lives at home with his mother and father and his 13-year-old sister and he is a Permanent Resident of the United States.  Mr. Patel lacked the maturity to appreciate that his actions as a 20 year old would ruin his ability to remain in this country with his family and he very much regrets his decisions now.  He advised the probation officer that his parents do not speak to him because of their disappointment with his offenses.

Mr. Patel has never married and has no children.  His mother works in an Amazon warehouse and his father is an automotive assembly tech.  In India, his parents were farmers.  They do not speak English.  Mr. Patel's high school education was online.  He attends community college and he works for his parents in a family-owned convenience store, despite his ability to earn significantly more working elsewhere.  Prior to his arrest in this scheme on June 30, 2020, Mr. Patel had no prior criminal record whatsoever.  He is in good health and does not suffer any physical or psychological problems.

3. Need to Avoid Unwarranted Disparity in Sentences

Section §3553(a)(6) requires a sentencing court to avoid unwarranted sentences among defendants with similar records who have been convicted of similar offenses.  The United States Attorney likens Mr. Patel to the case against Sumer Kantilal Patel, Docket # 3:19 CR 00160-005.  Jeel Patel's role was to pick up packages, and he is alleged to have participated in some way in the

retrieval of as many as 14 packages from 10 distinct victims (on the day of his arrest, the evidence suggested Mr. Patel merely drove another who retrieved the parcel from the victim).

In comparison, Sumer Patel was involved in the retrieval of over 250 wire transfers from 230 distinct victims. See Statement of Facts, 3:19 cr 160-005, p. 7.  Significantly, not only was Sumer Patel personally involved in defrauding over twenty times the number of victims whom Jeel Patel was involved in defrauding, Sumer Patel's role involved the use of numerous false identifying documents and electronic wire financial transactions, both of which are artifices or aspects of criminality which greatly exceed the scope of the errands to pick up packages that Mr. Jeel Patel performed.  Additionally, Mr. Sumer Patel, who received a 41-month sentence, participated in the conspiracy for 11 months (May 2018 to April 2019), more than twice as long as Jeel Patel's participation.  The United States' recommendation that Jeel Patel serve 10 months longer a sentence than Sumer Patel does not reflect a sentence commensurate with that received by the government's most closely situated co-defendant.  An appropriate sentence for Jeel Patel, based on the comparison to Mr. Sumer Patel, would be a punishment of approximately one half of the 41-month sentence imposed in Sumer Patel's case.  It is submitted that a variance sentence in the probationary range would not result in a disparate sentence and the purpose of the Sentencing Guidelines would be satisfied.

4. Need for Just Punishment Given the Seriousness of the Offense

Section §3553(a)(2)(A) requires a sentencing court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.  The coercion and theft of funds from victims is a serious offense that has an impact on people's lives.  Mr. Patel, at age 20 years, lacked the maturity to appreciate the impact of his actions.  He had no

5

insight into the vulnerability of a widow or a retiree on a fixed income, and he did not select or cultivate the victims of the conspiracy and may not have had any personal contact with any of them, yet his sentence range is being enhanced by these factors. Although he was beguiled into participating in it, the conspiracy was not of Mr. Patel's creation and he profited very little from his actions. A variance sentence of 24 months or less, in combination with the harm Mr. Patel has wrought upon his own nuclear family and his likely removal from the United States, would reflect the seriousness of the offense, while also recognizing Mr. Patel's less significant role in it.

    5.    Need for Adequate Deterrence

Section §3553(a)(2)(B) requires a sentencing court to impose a sentence that affords adequate deterrence to criminal conduct. Mr. Patel is a 22-year-old man with no criminal history. He lives modestly, in his parents home. He was home-schooled and works for his parents.

His family will never recover from the tragedy of their son's foolishness. After serving whatever sentence this court deems appropriate, Mr. Patel will be facing deportation proceedings where the government will seek to deport him back to India. If this occurs, his sentence will be tantamount to a life sentence outside of the United States, outside of the love of his family, without being able to see his mother and father unless they visit him in India. Although the family has only resided in the United States for less than 5 years, they have made this their home country. A variance sentence of probation and the potential removal from the United States will provide adequate deterrence.

6. Need to Protect Society

Section §3553(a)(2)(C) requires a sentencing court to impose a sentence that protects the public from other crimes of the defendant. Mr. Patel, prior to his involvement in this conspiracy, had lived a quiet, unassuming, lawful life. He had no prior criminal activity prior to this offense. Mr. Patel's life has been ruined by his involvement with this conspiracy. Mr. Patel will not be a threat to society upon his release, and he does not need to be incarcerated to protect society.

7. The Guidelines

Section §3553(a)(4) requires the court to consider the kinds of sentences and the sentencing range as set forth by the sentencing guidelines. The advisory guidelines do not account for Mr. Patel's relatively young age, 20 years old during the time that he was actively involved in the conspiracy. The guidelines do not account for Mr. Patel's recent arrival into the United States and naivete, wanting desperately to fit in with a group of people he knew from his home town, who were here longer and was susceptible to their influence. A sentence of 51-63 months as recommended by the sentencing guidelines is far greater than necessary to achieve the objectives of 3553(a). A felony conviction and a variance sentence of probation followed by removal from the United States is a sentence that will promote respect for the law, provide adequate deterrence and reflect the seriousness of the offense, but one that is not greater than necessary.

**WHEREFORE**, for all the foregoing reasons, Mr. Patel requests that this Honorable Court consider a variance sentence of straight probation or a sentence of approximately one-half the guideline range.

Respectfully Submitted,

Jeel Patel

7

                                                                   _____/s/_____
                                                                   By Counsel

Paul C. Galanides
Law Office of Paul C. Galanides, P.C.
VSB #45385
1561 E. Main St.
Richmond, VA 23219
804-716-4299
804-716-4595 f.
Paul@VaDefenseCounsel.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 1, 2023, I filed this Position on Sentencing and Motion for Variance Sentence, via ECF with the Clerk of the Court, which will send a notification of such filing (NEF) to the following: Brian Hood, Assistant United States Attorney, 919 E. Main Street, Suite 1900, Richmond VA 23219, and to Diane C. DeLuca, United States Probation Officer, U.S. District Courthouse, Suite 1150, 701 East Broad Street, Richmond, Virginia, 23219

                                                                   _____/s/_____
                                                                   Counsel

Paul C. Galanides
Law Office of Paul C. Galanides, P.C.
VSB #45385
1561 E. Main St.
Richmond, VA 23219
804-716-4299 804-716-4595 f.
Paul@VaDefenseCounsel.com